Rosemarie E. Matera (REM-0999)
Kurtzman Matera, P.C.
664 Chestnut Ridge Road
Spring Valley, New York 10977
845-352-8800


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 05-27041(ASH) |
| CIMA Group, Inc., | |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CIMA Group, Inc.,

                Plaintiff,                Adv. Pro. No. 07-08276(ASH)

    - against -

Nicholas Pasalides, Joseph Woods,
Mark Velzy, Michiel Boender and
Edgewater Design, Inc., Edgewater
Group Architects a/k/a Edgewater Group,

                Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF MOTION FOR WITHDRAWAL OF THE REFERENCE
### AND APPROVAL OF THE STIPULATION WITHDRAWING THE REFERENCE

**PLEASE TAKE NOTICE** that CIMA Group, Inc., Debtor, Debtor in Possession and Plaintiff in the above captioned adversary proceeding by and through its attorneys Kurtzman Matera, P.C., and based upon an Application and Stipulation Withdrawing the Reference on file with the Clerk of the United States Bankruptcy Court, will move at the United States District Court, 300 Quarropas Street, White Plains, New York 10601, on June 30, 2008 at 10:00 a.m. or as soon thereafter as counsel can be heard, for an order pursuant to 28 U.S.C. §157(e) and Federal Rule of Bankruptcy

Procedure 9015(b) withdrawing the reference of Adversary Proceeding No. 07-08276(ASH), and such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that responsive papers, if any, should be filed with the Court and served upon and received by Kurtzman Matera, P.C., Attn: Rosemarie E. Matera, Esq., 664 Chestnut Ridge Road, Spring Valley, New York 10977, no later Than June 23, 2008 and shall conform with the Federal Rules of Bankruptcy Procedure.

Dated: Spring Valley, New York
      May 15, 2008

    Kurtzman Matera, P.C.
    Attorneys for Debtor, Debtor in Possession and Plaintiff
    664 Chestnut Ridge Road
    Spring Valley, NY   10977
    (845) 352-8800

    By    ___/s/ Rosemarie E. Matera_____
           Rosemarie E. Matera (REM-0999)

TO:

Stephen R. Lewis, Esq.
Stephens, Baroni, Reilly & Lewis, LLP
175 Main Street, Suite 800
White Plains, NY 10601

Jeffrey A. Reich, Esq.
Riech, Reich & Reich, PC
175 Main Street, Suite 300
White Plains, NY   10601

Rosemarie E. Matera (REM-0999)
Kurtzman Matera, P.C.
664 Chestnut Ridge Road
Spring Valley, New York 10977
845-352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                                            Chapter 11
                                                                  Case No. 05-27041(ASH)
CIMA Group, Inc.,

                              Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CIMA Group, Inc.,

                     Plaintiff,                    Adv. Pro. No. 07-08276(ASH)

       - against -

Nicholas Pasalides, Joseph Woods,
Mark Velzy, Michiel Boender and
Edgewater Design, Inc., Edgewater
Group Architects a/k/a Edgewater Group,

                   Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### APPLICATION FOR WITHDRAWAL OF THE REFERENCE
### AND APPROVAL OF THE STIPULATION WITHDRAWING THE REFERENCE

      CIMA Group, Inc., Debtor, Debtor in Possession and Plaintiff in the above captioned adversary proceeding ("CIMA") by and through its attorneys Kurtzman Matera, P.C., respectfully submits this Application for Withdrawal of the Reference and Approval of the Stipulation pursuant to 28 U.S.C. §157(e) and Federal Rule of Bankruptcy Procedure 9015(b) and sets forth as follows:

      1.      CIMA filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") on December 13, 2005.

-1-

2. CIMA filed a complaint ("Complaint") against Nicholas Pasalides, Joseph Woods, Mark Velzy, Michiel Boender and Edgewater Design, Inc., Edgewater Group Architects a/k/a Edgewater Group (collectively "Defendants") on July 10, 2007, commencing Adversary Proceeding No. 07-08276.

3. The Complaint alleges causes of action including, *inter alia*, equitable fraud and breach of covenant of good faith and fair dealing which arose in accordance with, and under the laws and practice of the State of New York ("New York Causes of Action").

4. The New York Causes of Action are not core proceedings under 28 U.S.C. §157.

5. In the answers ("Answers") filed by the Defendants, consent is not offered to a determination of the New York Causes of Action by the Bankruptcy Court.

6. The Defendants have not, since the filing of their Answers, consented to a determination of the New York Causes of Action by the Bankruptcy Court.

7. The Complaint also alleges a cause of action for turnover against defendant, Nicholas Pasalides ("Turnover Cause of Action").

8. The Bankruptcy Court has agreed to retain jurisdiction to hear and decide any dispositive motions concerning the Turnover Cause of Action. A motion for summary judgment on the Turnover Cause of Action is presently returnable before the Bankruptcy Court on June 26, 2008.

9. The Bankruptcy Court set March 3, 2006 as the last day to file proofs of claim.

10. The Defendants have not filed proofs of claim with the Clerk of the Bankruptcy Court.

11. The Defendants timely demanded a jury trial in their Answers; and

12. Pursuant to 28 U.S.C. §157(e), the right to a jury trial applies to the Complaint.

13. 28 U.S.C. §157(e) allows the bankruptcy judge to conduct a jury trial only "with the express consent of all the parties".

14. In accordance with Federal Rule of Bankruptcy Procedure 9015(b), no statement of consent to having a jury trial conducted by the bankruptcy judge has been jointly or separately filed by the parties.

15. A Stipulation and Order Withdrawing the Reference which incorporates each of the representations set forth herein has been executed by the parties and is annexed hereto as Exhibit "A".

**WHEREFORE,** it is respectfully requested that the Motion seeking a withdrawal of the reference be granted, the Stipulation be "so ordered" by this Court and such other and further relief be granted as is just and proper.

Dated: Spring Valley, New York
       May 15, 2008

                                       Kurtzman Matera, P.C.
                                       Attorneys for Debtor, Debtor in Possession and Plaintiff
                                       664 Chestnut Ridge Road
                                       Spring Valley, NY   10977
                                       (845) 352-8800

                            By     ____**/s/ Rosemarie E. Matera**
                                       Rosemarie E. Matera (REM-0999)

TO:

Stephen R. Lewis, Esq.
Stephens, Baroni, Reilly & Lewis, LLP
175 Main Street, Suite 800
White Plains, NY 10601

Jeffrey A. Reich, Esq.
Riech, Reich & Reich, PC
175 Main Street, Suite 300
White Plains, NY   10601

# EXHIBIT "A"

Rosemarie E. Matera (REM-0999)
Kurtzman Matera, P.C.
664 Chestnut Ridge Road
Spring Valley, New York 10977
845-352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
In re:

CIMA Group, Inc.,

                  Debtor.
---------------------------------x

CIMA Group, Inc.,

                  Plaintiff,

    - against -

Nicholas Pasalides, Joseph Woods,
Mark Velzy, Michiel Boender and
Edgewater Design, Inc., Edgewater
Group Architects a/k/a Edgewater Group,

                  Defendants
---------------------------------x

Chapter 11
Case No. 05-27041(ASH)

Adv. Pro. No. 07-08276(ASH)

## STIPULATION AND ORDER WITHDRAWING THE REFERENCE

This Stipulation and Order Withdrawing the Reference ("Stipulation") is made by and between CIMA Group, Inc. ("CIMA"), the debtor and debtor in possession herein and plaintiff in Adversary Proceeding No. 07-08276 ("Adversary Proceeding") by and through its attorney, Kurtzman Matera, P.C. and Nicholas Pasalides, Joseph Woods, Mark Velzy, Michiel Boender, Edgewater Design, Inc., and Edgewater Group Architects a/k/a Edgewater Group, defendants

-1-

(collectively "Defendants") in the Adversary Proceeding, by and through their attorneys, Reich, Reich & Reich, P.C. and Stephens, Baroni, Reilly & Lewis, LLP.

**WHEREAS**, CIMA filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") on December 13, 2005; and

**WHEREAS**, CIMA filed a complaint ("Complaint") against the Defendants on July 10, 2007, commencing the Adversary Proceeding; and

**WHEREAS**, the Complaint alleges causes of action including, *inter alia*, equitable fraud and breach of covenant of good faith and fair dealing which arose in accordance with, and under the laws and practice of the State of New York ("New York Causes of Action"); and

**WHEREAS**, the New York Causes of Action are not core proceedings under 28 U.S.C. §157; and

**WHEREAS**, in the answers ("Answers") filed by the Defendants, consent is not offered to a determination of the New York Causes of Action by the Bankruptcy Court; and

**WHEREAS**, the Defendants have not, since the filing of their Answers, consented to a determination of the New York Causes of Action by the Bankruptcy Court; and

**WHEREAS**, the Complaint also alleges a cause of action for turnover against defendant, Nicholas Pasalides ("Turnover Cause of Action"); and

**WHEREAS**, the Bankruptcy Court will retain jurisdiction to hear and decide any dispositive motions concerning the Turnover Cause of Action; and

**WHEREAS**, the Bankruptcy Court set March 3, 2006 as the last day to file proofs of claim; and

**WHEREAS**, the Defendants have not filed proofs of claim with the Clerk of the Bankruptcy Court; and

**WHEREAS**, the Defendants timely demanded a jury trial in their Answers; and

WHEREAS, pursuant to 28 U.S.C. §157(e), the right to a jury trial applies to the Complaint; and

WHEREAS, 28 U.S.C. §157(e) allows the bankruptcy judge to conduct a jury trial only "with the express consent of all the parties"; and

WHEREAS, in accordance with Federal Rule of Bankruptcy Procedure 9015(b), no statement of consent to having a jury trial conducted by the bankruptcy judge has been jointly or separately filed by the parties.

NOW, THEREFORE, in consideration of the premises herein, the parties hereby stipulate and agree as follows:

1. The reference as it concerns the Adversary Proceeding be and the same hereby is withdrawn.

2. The Bankruptcy Court will retain jurisdiction to hear and decide dispositive motions concerning the Turnover Cause of Action.

3. The Clerk of the Bankruptcy Court shall convey the record of the Adversary Proceeding to the Clerk of the United States District Court.

4. A notation shall be placed on the docket of the Adversary Proceeding, as such record is maintained by the Clerk of the Bankruptcy Court, indicating that the reference has been withdrawn.

Dated: Spring Valley, New York
April 28, 2008

_____
Rosemarie E. Matera
Kurtzman Matera, P.C.
Attorneys for Debtor and Plaintiff
664 Chestnut Ridge Road
Spring Valley, New York 10977
(845) 352-8800

Dated: White Plains, New York
     April 23, 2008

_____
Jeffrey Reich, Esq.
Reich, Reich & Reich, P.C.
Attorneys for Defendants
175 Main Street, Suite 300
White Plains, New York 10601

Dated: White Plains, New York
     April 23, 2008

_____
Stephen R. Lewis, Esq.
Stephens, Baroni, Reilly & Lewis, LLP
Attorneys for Defendants
175 Main Street, Suite 800
White Plains, New York 10601

Dated: White Plains, New York
     April ____, 2008

_____
United States Bankruptcy Judge

Dated: White Plains, New York
     April ____, 2008

_____
United States District Court Judge

Rosemarie E. Matera (REM-0999)
Kurtzman Matera, P.C.
2 Perlman Drive
Spring Valley, New York 10977
845-352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 05-27041(ASH) |
| CIMA Group, Inc., | |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| CIMA Group, Inc., | |
| Plaintiff, | |
| - against - | Adv. Pro. No. 07-08276(ASH) |
| Nicholas Pasalides, Joseph Woods, Mark Velzy, Michiel Boender and Edgewater Design, Inc., Edgewater Group Architects a/k/a Edgewater Group, | |
| Defendants | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF SERVICE**

State of New York     )
County of Rockland    )ss

**Sherry Kramer**, being duly sworn, deposes and says:

1.   I am over 18 years of age and am not a party to this action and I reside at Pomona, New York.

2.   On May 15, 2008, I served a true copy of the **Notice of Motion for Withdrawal of the Reference and Approval of the Stipulation Withdrawing the Reference** by depositing the same via
First Class Mail in a sealed envelope with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to:

| | | |
|---|---|---|
| Jeffrey A. Reich, Esq. | Stephen R. Lewis, Esq. | Office of U.S. Trustee |
| Reich, Reich & Reich, PC | Stephens, Baroni, Reilly & Lewis, LLP | 33 Whitehall Street |
| 175 Main Street, Suite 300 | 175 Main Street, Suite 800 | New York, NY 10004 |
| White Plains, NY 10601 | White Plains, NY 10601 | |

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　__/s/ Sherry Kramer_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Sherry Kramer

Sworn to before me this
15th day of May, 2008

__/s/ Donna B. Paz_____
Notary Public

Donna B. Paz
Notary Public, State of New York
No. 01PA5066620
Qualified in Rockland County
Commission Expires September 30, 2010