Rosemarie E. Matera (REM-0999)
Kurtzman Matera, P.C.
664 Chestnut Ridge Road
Spring Valley, New York 10977
845-352-8800

08CV5143 (CLB)(LMS)

ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
In re:

CIMA Group, Inc.,

                Debtor.
----------------------------------x

Chapter 11
Case No. 05-27041(ASH)

CIMA Group, Inc.,

                Plaintiff,

- against -

Nicholas Pasalides, Joseph Woods,
Mark Velzy, Michiel Boender and
Edgewater Design, Inc., Edgewater
Group Architects a/k/a Edgewater Group,

                Defendants
----------------------------------x

Adv. Pro. No. 07-08276(ASH)

### STIPULATION AND ORDER
### WITHDRAWING THE REFERENCE

This Stipulation and Order Withdrawing the Reference ("Stipulation") is made by and between CIMA Group, Inc. ("CIMA"), the debtor and debtor in possession, herein and plaintiff in Adversary Proceeding No. 07-08276 ("Adversary Proceeding") by and through its attorney, Kurtzman Matera, P.C. and Nicholas Pasalides, Joseph Woods, Mark Velzy, Michiel Boender, Edgewater Design, Inc., and Edgewater Group Architects a/k/a Edgewater Group, defendants

-1-

(collectively "Defendants") in the Adversary Proceeding, by and through their attorneys, Reich, Reich & Reich, P.C. and Stephens, Baroni, Reilly & Lewis, LLP.

**WHEREAS**, CIMA filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") on December 13, 2005; and

**WHEREAS**, CIMA filed a complaint ("Complaint") against the Defendants on July 10, 2007, commencing the Adversary Proceeding; and

**WHEREAS**, the Complaint alleges causes of action including, *inter alia*, equitable fraud and breach of covenant of good faith and fair dealing which arose in accordance with, and under the laws and practice of the State of New York ("New York Causes of Action"); and

**WHEREAS**, the New York Causes of Action are not core proceedings under 28 U.S.C. §157; and

**WHEREAS**, in the answers ("Answers") filed by the Defendants, consent is not offered to a determination of the New York Causes of Action by the Bankruptcy Court; and

**WHEREAS**, the Defendants have not, since the filing of their Answers, consented to a determination of the New York Causes of Action by the Bankruptcy Court; and

**WHEREAS**, the Complaint also alleges a cause of action for turnover against defendant, Nicholas Pasalides ("Turnover Cause of Action"); and

**WHEREAS**, the Bankruptcy Court will retain jurisdiction to hear and decide any dispositive motions concerning the Turnover Cause of Action; and

**WHEREAS**, the Bankruptcy Court set March 3, 2006 as the last day to file proofs of claim; and

**WHEREAS**, the Defendants have not filed proofs of claim with the Clerk of the Bankruptcy Court; and

**WHEREAS**, the Defendants timely demanded a jury trial in their Answers; and

-2-

WHEREAS, pursuant to 28 U.S.C. §157(e), the right to a jury trial applies to the Complaint; and

WHEREAS, 28 U.S.C. §157(e) allows the bankruptcy judge to conduct a jury trial only "with the express consent of all the parties"; and

WHEREAS, in accordance with Federal Rule of Bankruptcy Procedure 9015(b), no statement of consent to having a jury trial conducted by the bankruptcy judge has been jointly or separately filed by the parties.

NOW, THEREFORE, in consideration of the premises herein, the parties hereby stipulate and agree as follows:

1. The reference as it concerns the Adversary Proceeding be and the same hereby is withdrawn.

2. The Bankruptcy Court will retain jurisdiction to hear and decide dispositive motions concerning the Turnover Cause of Action.

3. The Clerk of the Bankruptcy Court shall convey the record of the Adversary Proceeding to the Clerk of the United States District Court.

4. A notation shall be placed on the docket of the Adversary Proceeding, as such record is maintained by the Clerk of the Bankruptcy Court, indicating that the reference has been withdrawn.

Dated: Spring Valley, New York
April ___, 2008

Rosemarie E. Matera
Kurtzman Matera, P.C.
Attorneys for Debtor and Plaintiff
664 Chestnut Ridge Road
Spring Valley, New York 10977
(845) 352-8800

-3-

Dated: White Plains, New York
April 23, 2008

_____
Jeffrey Reich, Esq.
Reich, Reich & Reich, P.C.
Attorneys for Defendants
175 Main Street, Suite 300
White Plains, New York 10601

Dated: White Plains, New York
April 23, 2008

_____
Stephen R. Lewis, Esq.
Stephens, Baroni, Reilly & Lewis, LLP
Attorneys for Defendants
175 Main Street, Suite 800
White Plains, New York 10601

Dated: White Plains, New York
April ___, 2008

SO ORDERED:

_____
United States Bankruptcy Judge

Dated: White Plains, New York
~~April~~ ___, 2008
June 27, 2008

_____
United States District Court Judge

-4-